ON MOTION TO ENFORCE MANDATE

RAMIREZ, J.
Appellant Arena Parking, Inc. has filed a Motion to Enforce Mandate pursuant to Rule 9.300 of the Florida Rules of Appellate Procedure. Appellees Lon Worth Crow Insurance Agency and Maria Isabel Gonzalez respond that the trial court correctly denied the request to enter a Second Amended Final Judgment granting additur. Lon Worth Crow and Gonzalez claim that they did not agree with the additur, and, therefore, the trial court properly ordered a new trial on damages. Pursuant to section 768.74(4), Florida Statutes (1999), “[i]f the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of. damages only.”
A review of the transcript, however, shows that Lon Worth Crow and Gonzalez did not disagree with the amount of the additur. In fact, their counsel affirmatively stated at the onset of the hearing that they did not contest the amount of the additur. Counsel simply objected to the *346 trial court retaining jurisdiction to award future damages.
The Motion to Enforce Mandate is therefore granted with directions to the trial court to approve the proposed Second Amended Final Judgment after re-computing the prejudgment interest.

ON MOTION FOR REHEARING OR CLARIFICATION ON ORDER ON MOTION TO ENFORCE MANDATE

RAMIREZ, J.
This is the third appearance of this case before us. On September 26, 2001, we issued an order enforcing mandate. We will now endeavor to clarify that order.
The initial issue on appeal was that the jury found for Appellant Arena Parking, Inc., but only awarded damages in the amount of $28,500, when the undisputed evidence showed that the damages incurred by Arena Parking and the interve-nor, Florida East Coast Railway Co., were $176,864.40. We ordered the trial court to grant an additur in the amount of $120,889.57, plus prejudgment interest, which had to be re-computed.
We also directed the trial court to approve the proposed Second Final Judgment. That judgment states that the trial court will retain jurisdiction “to consider any application for and to enter an additional judgment or judgments for future damages.... Upon proper filing of a motion and notice of hearing, the Court will conduct one or more evidentiary hearings to determine the amount of any such future damages.” We recognize now that such language is too broad. It was our intent, as requested in Arena Parking’s initial brief, to have the trial court reserve jurisdiction to award future damages. It was not our intent to deprive anyone of the right to trial by jury as to those future damages. Likewise, it was not our intent to express any opinion as to whether or not those damages could exceed the limits of the policy that should have been procured by appellee Lon Worth Crow Insurance Agency.
We therefore grant clarification and direct the trial court to grant an additur in the amount of $120,889.57, plus prejudgment interest. The trial court is simply to retain jurisdiction to deal with any future damages.